# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | SHARON JOHNSON COLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3700 | **DATE** | 12/1/2010 |
| **CASE TITLE** | Jamal Taylor (#K-74386) vs. Stateville Dept. of Correction, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $15.50 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Menard Correctional Center. The Clerk is directed to issue summonses for service on Defendants Kocher and Lohiser only. The U.S. Marshal is appointed to effect service on those Defendants. All other Defendants are dismissed on preliminary review pursuant to 28 U.S.C. § 1915A. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [#4] is denied.

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, correctional officials, violated Plaintiff's constitutional rights by acting with deliberate indifference to his safety and medical needs. More specifically, Plaintiff alleges that he was injured on a prison transport bus because he was not seat buckled and was thrown about during the trip from the Stateville to the Logan Correctional Center; he further contends that he was denied needed medical attention after the party reached its destination.

The Court finds that Plaintiff is unable to prepay the filing fee. Accordingly, the Court grants Plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $15.50 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. Thereafter, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal **(CONTINUED)**

mjm

filed by Plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that the complaint articulates a colorable federal cause of action against Defendants Kocher and Lohsier, who purportedly denied Plaintiff access to needed medical care. Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002). It should be emphasized that in order ultimately to prevail on his claims, Plaintiff will have to establish that his injuries were objectively "serious" for purposes of Eighth Amendment analysis. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). While a more fully developed record may belie Plaintiff's allegations, Defendants must respond to the complaint.

However, the complaint does not state a viable claim against any of the remaining Defendants. As a general rule, inmates have no right to seatbelts in a transport bus. A failure either to provide seatbelts or to secure available seatbelts does not, by itself, does constitute a substantial risk of serious harm rising to the level of a constitutional violation. *See Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 906 (8th Cir. 1999) (failure to provide seatbelts or other safety restraints in patrol wagon did not constitute policy that presented a substantial risk of serious harm); *Smith v. Secretary for the Dep't of Corrections*, 252 Fed. Appx. 301, 303-04 (11th Cir. 2007) (failure to fasten inmate's seatbelt in converted utility van does not constitute a substantial risk of serious harm); *Dexter v. Form Motor Co.*, 92 Fed. Appx. 637, 643 (10th Cir. 2004) ("failure to seatbelt an inmate does not violate the Constitution"); *Walls v. Kaho*, No. 5:06cv188, 2009 WL 90117, at *2 (S.D. Miss. Mar. 31, 2009) (Parker, J.) (policy of refusing to seatbelt inmates during transport does not give rise to a cognizable constitutional claim); *Dade v. Kennard*, No. 2:06CV869-TC, 2008 WL 4879168, at * 3 (D. Utah Nov. 3, 2008) (Campbell, J.) (routine failure to properly secure seatbelt does not create a substantial risk of serious harm even where inmate is disabled or is otherwise unable to seatbelt himself); *Hughes v. Widup*, No. 2:07CV290, 2008 WL 56003, at *3 (N.D. Ind. Jan. 3, 2008) (Lozano, J.) (failure to seatbelt handcuffed and shackled inmate was not a constitutional violation); *Ingram v. Herrington*, No. 4:06CVP65M, 2007 WL 2815965, at *5 (W.D. Ky. Sep. 26, 2007) (McKinley, J.) (failure to seatbelt prisoner did not constitute constitutional violation); *Young v. Hightower*, No. 04-10309, 2007 WL 2214520, at *6 (E.D. Mich. Jul. 27, 2007) (Lawson, J.) (refusing to seatbelt shackled prisoner does not constitute an excessive risk to the inmate's health or safety); *Mojet v. Transport Driver*, No. 06:cv321, 2006 WL 3392944, at *2 (N.D. Ind. Nov. 22, 2006) (Springman, J.) (transporting inmates in vehicles without seatbelts did not meet deliberate indifference standard); *Williams v. City of New York*, No. 03 C 5342, 2005 WL 2862007, at *3 (S.D.N.Y. Nov. 1, 2005) (failure to provide seatbelts on prison transport van does not constitute a constitutional violation under Section 1983). Lack of seatbelts is generally not actionable under 42 U.S.C. § 1983.

**(CONTINUED)**

| STATEMENT (continued) |
|---|

Those few instances where the courts have found that a constitutional violation may have occurred involved both a refusal to seatbelt the inmate or lack of a seatbelt along with purposeful, reckless driving by the defendant. *See, e.g., Brown v. Fortner*, 518 F.3d 552, 559 (8th Cir. 2008) (driver's refusal to fasten inmate's seatbelt, driving in excess of the speed limit, following too closely, crossing over double-yellow lines, passing cars when road markings clearly prohibited passing, and ignoring plaintiff's request to slow down sufficient to demonstrate deliberate indifference to inmate's safety); *Barela v. Romero*, No. 06-41 JBDJS, 2007 WL 2219441, at *7 (D.N.M. May 10, 2007) (Browning, J.) (lack of seatbelts for shackled prisoner coupled with allegations of purposeful, reckless driving by defendant sufficient to plead an Eighth Amendment claim).

In the case at bar, Plaintiff does not expressly assert that the operator of the transport bus was driving recklessly; however, Plaintiff's allegation that inmates repeatedly "slammed" into each other--with sufficient force to cause injury--would seem to suggest reckless and irresponsible driving (assuming, of course, that Plaintiff's description of the facts is not exaggerated). If Plaintiff wishes to raise such a claim, he should submit an amended complaint naming the driver of the bus as a Defendant.

However, Stateville's Warden, the IDOC's Director, and the IDOC's transfer coordinator cannot be held liable under the facts alleged. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations omitted). *Id.* Because Plaintiff has failed to state any facts indicating that Ramos, Randle, or Funk were personally involved in the events giving rise to this suit, they are dismissed as Defendants in this matter.

The complaint is also dismissed on initial review as to the Stateville Department of Correction. There is no such entity as the "Stateville Department of Correction;" whether Plaintiff is intending to sue the Stateville Correctional Center or the Illinois Department of Corrections, neither is a suable Defendant. State agencies, as "arms of the state," are immune from suit under the Eleventh Amendment. *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005).

To the extent that Plaintiff may wish to sue over the quality (or denial) of medical care at either the Logan or Menard Correctional Center, he must file separate lawsuits in the U.S. District Court for the Central (Logan) or Southern (Menard) District of Illinois. No Logan or Menard is named as a Defendant in the complaint on file, but Plaintiff does note that he failed to receive medical attention at Menard. The Court wishes to clarify that the only
**(CONTINUED)**

| STATEMENT (continued) |
|---|

claim at issue in this case, as the complaint now stands, is whether Stateville Officers Kocher and Lohiser refused access to needed medical treatment while the inmates were on the bus en route to other prisons.

The Clerk shall issue summonses forthwith for service as to Defendants Kocher and Lohiser only. The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If either Defendant can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Finally, Plaintiff's motion for appointment of counsel is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district Court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004), *citing* 28 U.S.C. § 1915(e)(1); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656, *quoting Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656; *see also* Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be considered in determining whether to appoint counsel).

After considering the above factors, the Court concludes that appointment of counsel is not warranted in this case. First, Plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. *See Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. **(CONTINUED)**

| STATEMENT (continued) |
|---|

2004)*, citing Jackson v. County of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992). In any event, although Plaintiff has articulated colorable claims, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary. Plaintiff appears more than capable of presenting his case. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.