Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sharon Johnson Coleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3700 | **DATE** | June 10, 2011 |
| **CASE TITLE** | Jamal Taylor (#K-74386) vs. Stateville Dept. of Correction, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff may proceed on his amended complaint. The Clerk is directed to: (1) file the amended complaint; (2) add Correctional Officer Wells as a defendant; and (3) issue summonses for service on all three defendants by the U.S. Marshal.

■ [**For further details see text below.**]      **Docketing to mail notices.**

### STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that he was injured on a prison transport bus because he was not seat-buckled and was thrown about during a trip from the Stateville to the Logan Correctional Center due to reckless driving; he further contends that he was denied needed medical attention after the party reached its destination. The plaintiff has submitted an amended complaint adding as a defendant the officer who drove the prison bus.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the amended complaint. For the reasons discussed in the court's Minute Order of December 1, 2010, the amended complaint states colorable claims, and the plaintiff appears to have named Wells as a defendant within the two-year limitations period. Accordingly, the clerk is directed to file the amended complaint, and to add Wells as a defendant.

The clerk is directed to issue summonses forthwith. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. **The court notes that the Marshal previously filed an unexecuted return of service for all defendants because the plaintiff did not respond to a request to fill out (CONTINUED)**

mjm

**USM-285 forms.** *See* **document no. 10. The plaintiff is therefore cautioned that he must promptly complete and return any documents the Marshal mails to him**.

The Marshal is directed to make all reasonable efforts to serve the defendants. With respect to former correctional employees who no longer can be found at the work address provided by the plaintiff, the Illinois Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.